**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Carlos A. Cifuentes, ) | No. CV-10-1979-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Southwest Airlines Co., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 38). For the reasons discussed below, Defendant's motion is granted.[1]

**BACKGROUND**

In 1996, Defendant Southwest Airlines ("SWA") hired Plaintiff Carlos Cifuentes to work as an aircraft cleaner. Between 1996 and 2009, Plaintiff received several promotions and pay raises. His final position with Defendant was that of Aircraft Appearance Team Supervisor, a position to which he was promoted in April 2007. In that position, Plaintiff supervised a cleaning crew of about 27 employees. This crew was responsible for tasks such as vacuuming planes' interiors, wiping the windows, cleaning the lavatories and cockpits, and changing the magazines.

---

[1] Defendant's request for oral argument is denied as the Court has determined that oral argument will not aid in its decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

On August 25, 2009, Plaintiff applied to SWA's Manager-in-Training ("MIT") program, a program designed to train and develop SWA managers. To be eligible for the MIT program, applicants must have no more than three absences and/or tardies in the 12-month period immediately preceding the application. (Doc. 39 at ¶ 2; Doc. 41 at 4–5). The electronic record of Plaintiff's attendance history indicated that Plaintiff met the MIT program's attendance requirements. Upon review of Plaintiff's personnel file, however, Defendant discovered that Plaintiff had in fact taken time off on at least six different days during the prior 12 months, as evidenced by doctor's notes submitted by Plaintiff to his supervisor. These absences did not appear on Plaintiff's electronic record because Plaintiff had not been following SWA's required reporting procedures and submitting forms to payroll. As a result of Plaintiff's failure to comply with SWA's absence reporting procedures, Plaintiff improperly obtained pay for days when he was absent from work. (Doc. 39, ¶ 8).

On October 15, 2009, SWA instigated an investigation into the discrepancies between Plaintiff's electronic attendance record and the information in his personnel file. On December 10, 2009, SWA management met with Plaintiff and gave him the opportunity to explain the discrepancies. He was unable to do so in a manner satisfactory to Defendant, and on December 15, management held a meeting with Plaintiff in which it terminated his employment. At the termination meeting, Plaintiff alleged for the first time that he felt he was being discriminated against.

On December 24, 2009, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") asserting discrimination by Defendant on the basis of his Columbian national origin. On April 28, 2010, this charge, which did not include a retaliation claim, was dismissed by the EEOC. On May 25, 2010, Plaintiff filed a two-page handwritten complaint in Maricopa County Superior Court. (Doc. 1-2 at 2). The complaint alleges in conclusory fashion that Defendant "[d]iscriminate [sic] and retaliated against the plaintiff," but does not state the manner in which Plaintiff was discriminated against or identify a statute or common law cause of action under which Plaintiff is bringing his claim. (*Id.*). Upon being served with the complaint, Defendant sent Plaintiff an interrogatory asking

if he was bringing his claims under Title VII of the Civil Rights Act of 1964. After Plaintiff responded in the affirmative, Defendant removed the action to this court. Defendant now moves for summary judgment on Plaintiff's claim.

## DISCUSSION

### I.   Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). When the nonmoving party "bear[s] the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### II.   Legal Analysis

As best the Court can tell from Plaintiff's complaint and from his responses to Defendants' interrogatory, he is bringing Title VII claims against Defendant for both retaliation and national origin discrimination. (Docs. 1, 1-2).

**A.   Plaintiff Has Not Exhausted his Administrative Remedies For His Retaliation Claim**

- 3 -

1  For this Court to have federal subject matter jurisdiction over a claim, Plaintiff must
2  have first exhausted his EEOC administrative remedies with respect to that claim. *EEOC v.*
3  *Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994). *See also Sosa v. Hiraoka*, 920 F.2d
4  1451, 1456 (9th Cir. 1990) ("Title VII claimants generally establish federal court jurisdiction
5  by first exhausting their EEOC administrative remedies."). An EEOC remedy has been
6  exhausted for a given claim where "that claim fell within the scope of the EEOC's actual
7  investigation or an EEOC investigation which can reasonably be expected to grow out of the
8  charge of discrimination." *Id.* (emphasis and internal quotation omitted). Defendant contends
9  in its summary judgment motion that Plaintiff has failed to exhaust his administrative
10 remedies with respect to his retaliation claim. (Doc. 39 at 8–9). Plaintiff does not challenge
11 this contention in his Response. (*See* Doc. 41). The Charge of Discrimination form Plaintiff
12 filed with the EEOC stated "I believe I have been discriminated against because of my
13 national origin (Colombia) in violation of Title VII." (Doc. 39-3, Ex. 12). Plaintiff did not
14 check the "Retaliation" box on the form. (*Id.*). Nor did he use the word "retaliation" in his
15 narrative description on the form or include any facts in that description of retaliatory-like
16 behavior by Defendants. (*See id.*). His retaliation claim does not, therefore, fall within the
17 scope of the EEOC's actual or reasonably expected investigation and is dismissed with
18 prejudice. *See Zenaty-Paulson v. McLane/Sunwest, Inc.*, 2000 WL 33300666, at *11 (D.
19 Ariz. March 20, 2000) ("The court is unable to overlook the facts underlying Plaintiff's
20 failure to check the 'retaliation' box. Plaintiff has failed to raise her retaliation claim with the
21 EEOC, the failure cannot be excused, and she has failed to satisfy the exhaustion
22 requirement.").

23 **B. Plaintiff Has Not Produced Evidence That His Termination Was Motivated by Discriminatory Animus**
24

25 Plaintiff also contends that Defendant discriminated against him on the basis of his
26 Columbian national origin by 1) terminating his employment, and 2) declaring him ineligible
27 for Defendant's MIT training program. Title VII of the Civil Rights Act of 1964 prohibits
28 employment discrimination on account of one's national origin. 42 U.S.C. § 2000e–2(a) ("It

1  shall be an unlawful employment practice for an employer . . . to discharge any individual
2  . . . because of such individual's race, color, religion, sex, or national origin."). Unlike his
3  retaliation claim, Plaintiff did adequately raise his discrimination claim with the EEOC. (*See*
4  Doc. 39-3, Ex. 12). To succeed on a Title VII discrimination claim, however, Plaintiff must
5  establish a prima facie case of discrimination. *Texas Dept. of Community Affairs v. Burdine*,
6  450 U.S. 248, 252–53 (U.S. 1981). ("[T]he plaintiff has the burden of proving by the
7  preponderance of the evidence a prima facie case of discrimination."). Plaintiff must satisfy
8  four elements in order to establish a prima facie case of discrimination: "(1) he belongs to
9  a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse
10 employment action, and (4) similarly situated non-[Columbian] individuals were treated
11 more favorably." *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir.
12 2002) The proof required to establish the prima facie case is "minimal and does not even
13 need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.,* 26
14 F.3d 885, 889 (9th Cir.1994). Nevertheless, Plaintiff "must offer evidence that gives rise to
15 an inference of unlawful discrimination." *Vasquez v. County of Los Angeles,* 349 F.3d 634,
16 640 (9th Cir. 2003) (internal citation omitted).

17       If a plaintiff can satisfy the four elements of his prima facie case, the burden of proof
18 "shifts to the employer to provide a legitimate, non-discriminatory reason for the
19 employment action." *Vasquez*, 349 F.3d at 641. "[T]o satisfy this intermediate burden, the
20 employer need only produce admissible evidence which would allow the trier of fact
21 rationally to conclude that the employment decision had not been motivated by
22 discriminatory animus." *Burdine*, 450 U.S. at 257. Where the employer has satisfied this
23 intermediate burden, the burden of proof shifts back to the plaintiff, who must then prove by
24 a preponderance of the evidence "that the legitimate reasons offered by the [employer] were
25 not its true reasons, but were a pretext for discrimination." *Id.* at 253. To survive summary
26 judgment, Plaintiff must provide evidence of pretext that is "specific and substantial."
27 *Bergene v. Salt River Project Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1142 (9th Cir.
28 2001).

### 1. Termination of Employment

Even if Plaintiff could establish a prima facie case of discrimination, Defendant has produced evidence to satisfy its intermediate burden that its decision to terminate Plaintiff was not motivated by discriminatory animus. To satisfy this burden, Defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257. Defendant cites to portions of Plaintiff's deposition in which he acknowledges that he did not comply with Defendant's required absence reporting procedures. (Doc. 39-1 at 165:2–6; 246:18–22). Moreover, Defendant has attached documents which show discrepancies between the number of days for which Plaintiff was paid and the number of days he actually worked. (*Compare* Doc. 39-1 at 280–82 *with* Doc. 39-2, Ex. 8 at SWA/CC0119). This evidence, taken together, would allow a rational trier of fact to conclude that SWA's employment decision was motivated by Plaintiff's failure to accurately report his absences from work.

Accordingly, for Plaintiff's claim to survive summary judgment, he must have presented "specific and substantial" evidence that the reasons offered by Defendant for terminating him "were not its true reasons, but were a pretext for discrimination." *Bergene*, 272 F.3d at 1142; *Burdine*, 450 U.S. at 253. As best the Court can tell, Plaintiff contends that Defendant's stated reason for termination was pretextual because Defendant did not investigate or terminate other supervisors who violated its attendance policies. (Doc. 41 at 2, 4). Plaintiff contends, for instance, in his Response to Defendant's summary judgment motion, that "other Managers/Supervisors did not comply with the policies and Guidelines of Southwest Airlines Co, however, they continue to be employed." (Doc. 41 at 4). Plaintiff also contends in his Response that he reported suspicious attendance behaviors by co-workers and Southwest declined to follow-up on his reports. (*Id.* at 2). The only evidence Plaintiff cites to support these contentions, however, is his assertion that he "ha[s] personal knowledge of facts witch [sic] bear on this motion." (*Id.* at 1). His contentions, without more, do not constitute specific and substantial evidence. First, they are not specific. Plaintiff does

- 6 -

not identify the particular managers or supervisors who allegedly failed to comply with Defendant's policy. Nor does Plaintiff identify the Southwest representatives to which he allegedly reported the suspicious attendance behaviors. Second, Plaintiff's contentions are not substantiated by any other evidence and are therefore not substantial. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (holding that "'uncorroborated and self-serving' testimony" is insufficient to create a "genuine issue.") (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Because Plaintiff bears the burden of producing specific and substantial evidence of pretext, and has failed to do so, summary judgment against him is appropriate.

### 2. Ineligibility for MIT Program

Plaintiff has likewise failed to identify evidence that Plaintiff's ineligibility for the MIT program was the result of discriminatory animus. Plaintiff acknowledges in his Response that "to be eligible for the MIT program, applicants must have *no more than three* absences (occurrence) and/or Tardiness [sic] in the 12-months period immediately preceding the application." (Doc. 39, ¶ 2) (emphasis added). Plaintiff has also acknowledged that in the 12-month period prior to his application he had *at least ten* absences. (Doc. 39-1 at 280–82) (emphasis added). Plaintiff contends that an absence/occurrence should not be measured in terms of the number of days missed, but by each instance of continuous sick days. (Doc. 41 at 5). Plaintiff cites no evidence, however, to support such an interpretation of Defendant's policy. And even if the Court were to adopt Plaintiff's interpretation, he had at least four instances of continuous sick days during the relevant time period, rendering him ineligible for the program. (Doc. 39-2, Ex. 8 at SWA/CC 0088–0092). Plaintiff provides no other evidence of discriminatory animus, and has therefore failed to establish a genuine issue.

### CONCLUSION

Plaintiff has not exhausted his administrative remedies with respect to his retaliation claim. With respect to his discrimination claim, he has not produced evidence upon which a reasonable jury could find discriminatory animus. Because he would bear the burden of proving this element at trial, summary judgment against Plaintiff is appropriate.

1    **IT IS THEREFORE ORDERED granting** Defendant's Motion for Summary
2 Judgment (Doc. 38).  The Clerk of Court is directed to **terminate** this action.
3    DATED this 17th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge